IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20560
Summary Calendar
_____

FRANK DIGGES,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-2420
- - - - - - - - - -

March 18, 1999

Before REAVLEY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

In July 1997, Frank Digges, Texas state prisoner # 473881, filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The respondent filed a motion to dismiss Digges's habeas petition, arguing that the petition was untimely under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The district court granted the respondent's motion to dismiss, holding that Digges's petition was barred by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitations.  The district court granted Digges a certificate of appealability on the issue whether Digges's habeas petition was timely filed under the AEDPA.

On appeal, Digges argues that because his state habeas petition was pending in state court before the one-year reasonableness period expired, his federal habeas petition should not have been dismissed under the AEDPA in the light of <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997).  He also argues that he is entitled to equitable tolling of the statute of limitations.  We have reviewed the record and the briefs of the parties and conclude that the district court was correct in dismissing Digges's petition because it was time-barred under the AEDPA. Digges's reasons for delay do not rise to a level warranting an application of the doctrine of equitable tolling.

AFFIRMED.